# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br>    *Plaintiff*,<br><br>    v.<br><br>JOHN DOE, *subscriber assigned IP address 24.63.185.18*,<br>    *Defendant*. | No. 3:18-cv-1335 (VAB) |

**ORDER ON MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA, MOTION FOR EXTENSION OF PRE-TRIAL DEADLINES, AND MOTION FOR AN EXTENSION OF TIME TO EFFECTUATE SERVICE**

Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3") alleges that John Doe ("Defendant"), identified only by his IP address, committed copyright infringement by distributing Plaintiff's copyrighted adult films using BitTorrent, a peer-to-peer file distribution network. Complaint, dated Aug. 9, 2018, ECF No. 1.

Strike 3 moves under Federal Rule of Civil Procedure 26(d)(1) for leave to serve a third-party subpoena on Defendant's Internet Service Provider ("ISP") for the limited purpose of discovering Defendant's identity, as only with Defendant's identity will Plaintiff be able to serve Defendant with process and proceed with this case. Motion for Leave to Serve a Third Party Subpoena, dated Sept. 14, 2018, ECF No. 8. Strike 3 also moves for an extension of time within which to effectuate service on Defendant and an extension of pre-trial deadlines. Motion for Extension of Time Within Which to Effectuate Service on Defendant, dated Nov. 7, 2018, ECF No. 10; Motion for Extension of Pretrial Deadlines, dated Oct. 8, 2018, ECF No. 9.

As Plaintiff has established good cause for entry of this order with respect to service of a third-party subpoena, the motion is **GRANTED**, subject to the limitations discussed below. The

motion for an extension of time within which to effectuate service is **GRANTED**. The motion to extend pre-trial deadlines is **GRANTED in part and DENIED in part**.

Strike 3 acknowledges the concerns raised by many district courts around the nation, Pl.'s Mot. to Leave at 3, ECF No. 8-1, that given the nature of the films allegedly distributed by defendants in the many essentially identical actions that Strike 3 has filed nationwide, *see, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 3:17-cv-1680 (CSH), 2017 WL 5001474 (D. Conn. Nov. 1, 2017); *Strike 3 Holdings, LLC v. Doe*, No. 3:18-cv-00681, 2018 WL 2926305 (D. Conn. June 7, 2018); *Strike 3 Holdings, LLC v. Doe*, 17-cv-9654 (AT) (KNF), 2018 WL 1737217 (S.D.N.Y. Mar. 12, 2018),[1] defendants may feel coerced to settle these suits merely to prevent public disclosure of their identifying information as part of court records. *Malibu Media, LLC v. Doe*, No. C 15-04441 WHA, 2016 WL 3383758, at *3 (N.D. Cal. June 20, 2016) ("The damages exposure in this case, as with Malibu Media's many other cases, is significant, so a defendant may feel pressure to settle even a meritless case. Coupled with the taboo nature of the subject matter, there remains potential for abuse."). The Court shares these concerns. This Order therefore is subject to the following conditions and limitations:

1. Plaintiff may subpoena Defendant's ISP only to obtain Defendant's name and address, but not Defendant's e-mail or telephone number. Plaintiff may only use Defendant's name and address, if obtained by Defendant's ISP, for the purposes of this litigation; Plaintiff is ordered not to disclose Defendant's name or address, or any other identifying information other than Defendant's ISP number, that Plaintiff may subsequently learn. Plaintiff shall not threaten to disclose any of Defendant's identifying information. Defendant will be permitted to litigate this case anonymously unless and until this Court orders otherwise and only after Defendant has had an opportunity to challenge the disclosure. Therefore, Plaintiff is ordered not to publicly file any of Defendant's identifying information and to file all documents containing Defendant's identifying information under seal.
2. Plaintiff may immediately serve a Rule 45 subpoena on Defendant's ISP to obtain Defendant's name and current and permanent address. Plaintiff is expressly not permitted

---

[1] Strike 3 is a prolific copyright litigant. *See generally* Dylan Love, *The Most-Pirated Man in Porn is Getting Angry*, INVERSE (May 24, 2017), *available at* https://www.inverse.com/article/31350-greg-lansky-tushy-blacked-vixen-interview.

to subpoena the ISP for Defendant's e-mail addresses or telephone numbers. Plaintiff shall serve Defendant's ISP with a copy of the complaint, this Order, and the subpoena.

3. After having been served with the subpoena, the ISP will delay producing to Plaintiff the subpoenaed information until after it has provided Defendant John Doe with:

   a. Notice that this suit has been filed naming Defendant as the one that allegedly downloaded copyright protected work;

   b. A copy of the subpoena, the Complaint filed in this lawsuit, and this Order; and

   c. Notice that the ISP will comply with the subpoena and produce to Plaintiff the information sought in the subpoena unless within 60 days of service of the subpoena on Defendant by the ISP, Defendant files a motion to quash the subpoena or for other appropriate relief in this Court. If a timely motion to quash is filed, the ISP shall not produce the subpoenaed information until the Court acts on the motion.

4. Defendant's ISP will have 60 days from the date of service of the Rule 45 subpoena upon it to serve Defendant John Doe with a copy of the complaint, this Order, and the subpoena. The ISP may serve Defendant John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first class mail or via overnight service.

5. Defendant John Doe shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISP may not turn over the identifying information of Defendant to Plaintiff before the expiration of this 60 day period. Additionally, if Defendant or the ISP files a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously, the ISP may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISP to resume turning over the requested discovery.

6. Defendant's ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

7. Defendant's ISP shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If Defendant's ISP receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

8. Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

Plaintiff's time to effectuate service on Defendant is, accordingly, extended for good cause to January 6, 2019, as Plaintiff was not able to effectuate such service before the Court's Order. If Plaintiff is unable to effectuate service on Defendant by January 6, 2019, in accordance

with the procedures outlined above, Plaintiff may file a new motion to extend time. Any such motion shall include documentary evidence to substantiate the date that a response was received from the ISP and what efforts at timely service were made.

Finally, Strike Three also asks the Court to extend the pre-trial deadlines in this case until after the parties conduct a conference consistent with Rule 26(f) of the Federal Rules of Civil Procedure. Specifically, Plaintiff asks for the deadline to amend the pleadings to be extended until sixty days after the Rule 26(f) conference, the discovery deadline to be extended until six months after the Rule 26(f) conference, and the dispositive motions deadline to be extended until seven months after the Rule 26(f) conference.

Given the stage of this litigation, however, the Court is unpersuaded that these extensions are necessary. Instead, the Court will extend all pre-trial deadlines without date. Those deadlines are best determined once the parties have conducted a Rule 26(f) conference.

Having concluded that Plaintiff has established good cause for entry of this order with respect to a third-party subpoena, the Court **GRANTS** the motion. The motion for an extension of time to effectuate service on Defendant is **GRANTED**. The motion to extend pre-trial deadlines is **GRANTED in part and DENIED in part**.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of November, 2018.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE